GEORGE SAYER, Respondent, v. PATRICK DONAHUE
et al., Appellants.

No. 1534; January 11, 1868.

**Mining Partnership.**—A Sale by a Constable for Mining Assessments, under the act "concerning partnerships for mining purposes" (Laws 1866, page 828), is not valid unless the owner of the stock was notified of the assessment as required by sections 2 and 4 of the act.

APPEAL from Tenth Judicial District, Sierra County.

This was an action of ejectment, the property involved being an undivided interest in certain mining claims. It was virtually admitted that plaintiff should recover unless his title to possession had been devested by a constable's conveyance alleged as made "under and by virtue of an act of the legislature of the state of California, entitled An act concerning partnerships for mining purposes, passed April 2, 1866." Patrick Donahue testified, for the defendant, that prior to the constable's sale he signed, and served upon the plaintiff, a written notice of assessment in these words:

                    "Eureka, September 4th, 1866.
"George Sayer, Esq., Sir:

"You are hereby notified that on the 4th day of August, 1866, at a meeting of the stockholders therein, the Shamrock Mining Company, whose works are at Fir Cap mountain, Fir Cap Mining District, Sierra County, State of California, said company being a consolidation of the Richardson and Buffalo Companies, an assessment was levied on all the shareholders therein, to the amount of $1,181.25. And there is now due from you on your Buffalo interest the sum of $34.74 and on your Richardson interest $61.25. And you are further notified that unless you pay the above sum to the undersigned, at Eureka, Sierra County, within ten days from this date, that your interest in said claim, or as much thereof as may be necessary therefor, will be sold to pay said assessments.

                         "PATRICK DONAHUE,
                              "Secretary."

The witness further testified that at the time of the signing and serving he was the secretary and manager of the Shamrock Mining Company, that said company had been formed by the consolidating of the Buffalo and the Richardson mining companies, to which consolidation the plaintiff had never consented; further, that the plaintiff had refused to be a member of the Shamrock company or to recognize the consolidation. On cross-examination he admitted he did not know if, in anticipation of the meeting at which the assessment was levied, the plaintiff had been notified that such meeting would be held. The plaintiff testified that he had received no such notice, he testified also that he had never disposed of his interest in either the Richardson or the Buffalo claims, that he still owned them, and that he had last worked on the claims in June, 1865.

Van Cleif & Cowder, and S. B. Davidson for respondent; T. J. Bowers for appellants.

SAWYER, C. J.—We have examined the transcript and the grounds specified in the statement on motion for new trial, and it is perfectly plain that there is no error in them. The defendants claim to have acquired plaintiff's title through a sale by a constable for assessments, attempted to be made under the provisions of the act of April 2, 1866, "concerning partnerships for mining purposes": Laws 1866, p. 828.

If it be conceded that the plaintiff was a member of the "Shamrock Mining Company" and subject to be assessed, the evidence is insufficient to show that he was notified in the manner required by sections 2 and 4, or either of them. And the sale was void on that ground.

There is no evidence to show a forfeiture, or abandonment. The case is so plain that no argument can help the appellants; and to give time would be to delay the case to no purpose, and to the injury of respondents.

Judgment affirmed.

We concur: Sanderson, J.; Rhodes, J.; Crockett, J.; Sprague, J.